**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **CHARLENE MYLES** | : | |
| 316 Tollgate Road | | |
| Owings Mills, Maryland 21117, | : | |
| | | |
| Plaintiff, | : | |
| | | |
| vs. | : | Case No. _____ |
| | | |
| **LABORATORY CORPORATION** | : | |
| **OF AMERICA *d/b/a* LABCORP** | | |
| 531 South Spring Street | : | |
| Burlington, North Carolina 27215 | | |
| | : | |
| Serve on: | | |
|    CSC-Lawyers Incorporation Service Co. | : | |
|    7 St. Paul Street, Suite 820 | | |
|    Baltimore, Maryland 21202 | : | |
| | | |
| Defendant. | : | |

...oooOooo...

## COMPLAINT

NOW COMES Plaintiff Charlene Myles, by and through her attorneys, Andrew M.
Dansicker, D. H. Andreas Lundstedt and the Law Office of Andrew M. Dansicker, LLC, and
hereby files this Complaint against Laboratory Corporation of America ("Labcorp") for
discrimination, interference and retaliation under the Family and Medical Leave Act ("FMLA")
and the Maryland Flexible Leave Act ("MFLA"), and in support thereof states the following:

## THE PARTIES

1.    Plaintiff Charlene Myles is a resident of Baltimore County, Maryland, and a former
employee of Labcorp.

2.    Defendant Labcorp is one of the largest clinical laboratory and health diagnostic
companies in the world with more than 65,000 employees worldwide, including more than fifty

(50) employees within a seventy-five mile radius of the Labcorp location in Owings Mills, Maryland where Ms. Myles worked .

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is proper in this Court pursuant to 42 U.S.C. § 12101 *et seq.* as the case arises under federal law, the FMLA, 29 U.S.C. § 2611 *et. seq.*, and personal jurisdiction is proper in this Court, because Defendants transact extensive business in Maryland, and the events giving rise to this litigation took place in Maryland.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial  part of the events giving rise to the claim occurred in the District of Maryland, Northern Division.

## FACTS

5.      Ms. Myles began working for Labcorp in 2004 as a Phlebotomist, and she always performed her job in a professional and successful manner.

6.      In fact, during her employment with Labcorp, Ms. Myles was repeatedly praised by management for her excellent job performance and unwavering dedication and service to her job.

7.      At no point was Ms. Myles ever disciplined, written up or given a negative annual performance review; rather, she consistently received excellent annual job performance evaluations.

8.      On or about April 9, 2019, Ms. Myles' daughter, Shaneika, who was nineteen years old and living at home with Ms. Myles and her husband, Earnest Myles, was admitted to GBMC and was later transferred to Sheppard Pratt Health System ("Sheppard Pratt") in Baltimore for mental health treatment.

9.     At that time, Ms. Myles requested that Labcorp allow her to take time off work pursuant to the FMLA to care for and provide support to her daughter while she was being treated at Sheppard Pratt and when she was released from Sheppard Pratt.

10.     In support of her request for FMLA leave, Ms. Myles filled out a FMLA leave form and had Shaneika's treating physician, Dr. Andrew Warren, submit that form to Labcorp in support of her application for intermittent FMLA leave.

11.     The FMLA leave form was submitted by Dr. Warren to the Reed Group, which was the medical leave administrator for Labcorp.

12.     After Dr. Warren submitted the FMLA leave form, Ms. Myles was repeatedly told that LabCorp needed more information and would not accept the FMLA leave form submitted to the Reed Group based on various inconsistent or false reasons.

13.     On May 13, 2019, Ms. Myles received a verbal warning from her supervisor, Shanie Scurry, for attendance violations during dates that related directly to her daughter's medical treatment and/or recovery.

14.     When Ms. Myles complained to Labcorp that Dr. Warren had submitted the proper FMLA leave paperwork to the Reed Group for the dates for which she was being disciplined, Ms. Scurry refused to withdraw the discipline and stated that, because her FMLA leave request had not been approved, she would be disciplined for missing those dates – even though Ms. Myles properly called out from work on those dates because she was caring for her daughter.

15.     On May 28, 2019, Ms. Myles received a written warning for missing days during which she was providing care to her daughter and had properly called out of work.

16.     Once again, her supervisor refused to withdraw the discipline, even though Dr. Warren had submitted FMLA paperwork for the dates in question.

17.     Moreover, at that time, Ms. Myles had accrued, unused PTO time that could have been used for the dates in question.

18.     Ms. Myles filed a written complaint with Michelle Lindquist, LabCorp Human Resources generalist, regarding the disciplinary actions, but her complaint was ignored by Ms. Lindquist.

19.     In July 2019, LabCorp finally approved Ms. Myles' FMLA leave request, but LabCorp inexplicably – and unlawfully – refused to approve the leave requests retroactively to the date when Ms. Myles first applied for FMLA leave in April 2019.

20.     On August 19, 2019, Ms. Scurry notified Ms. Myles that she had been instructed by Ms. Lindquist to terminate Ms. Myles' employment for attendance issues relating to dates that Ms. Myles missed work while she was caring for her daughter prior to July 2019 – even though Ms. Myles had additional hours of accrued, paid leave remaining that she was not credited for by LabCorp, and even though her FMLA intermittent leave request had ultimately been approved by the Reed Group.

21.     As a result of Defendants' decision to terminate Ms. Myles' employment and refusal to allow her to take additional leave under the FMLA or under the Maryland Flexible Leave Act to care for her daughter, Ms. Myles suffered lost wages and benefits, as well as emotional distress, including extreme embarrassment and humiliation, anxiety, stress and tension headaches, loss of appetite, depression, diminished self-esteem, and loss of sleep.

## COUNT I

## FMLA – INTERFERENCE/DISCRIMINATION/RETALIATION

22.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

23.     During all relevant times, Defendant was Ms. Myles' "employer" or potential employer under the FMLA as they employed fifty or more employees within a 75-mile radius of Ms. Myles' work site or potential work site during 20 or more calendar workweeks in 2019 and/or 2018.

24.     During all relevant times, Ms. Myles was an "employee" under the FMLA as she worked for Defendant for more than twelve months and for more than 1,250 hours in the twelve months before her employment was terminated.

25.     During 2019, Ms. Myles requested time off to take care of her daughter who needed care for a serious medical condition.

26.     Defendant refused to comply with or grant Ms. Myles' requests, and Defendant ultimately discriminated against her, interfered with her attempt to take FMLA leave and retaliated against Ms. Myles by penalizing her for taking days off and terminating her employment rather than allow her time off to provide care and support for her daughter.

27.     Such conduct by Defendant constituted interference and/or discrimination and/or retaliation against Ms. Myles for exercising her rights under the FMLA.

28.     Such conduct by Defendant was intentional and willful and was expressly predicated on Ms. Myles' use of FMLA time off and her additional attempts to exercise her rights under the FMLA.

29.     As a direct result of Defendant's improper and illegal conduct, Ms. Myles has suffered substantial financial damages and emotional distress.

        WHEREFORE, Plaintiff demands judgment in an amount greater than two-hundred thousand dollars ($200,000.00) against Defendant in compensatory damages, including back pay, front pay, liquidated damages, attorneys' fees, interest, costs, and any and all other relief

deemed appropriate by this Court, including but not limited to injunctive relief requiring Defendant to reinstate Ms. Myles.

**COUNT II**

**MARYLAND FLEXIBLE LEAVE ACT –**

**INTERFERENCE/DISCRIMINATION/RETALIATION**

30.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

31.     During all relevant times, Defendant was Ms. Myles' "employer" under the MFLA as they employed fifteen or more employees with Maryland during 2019.

32.     During all relevant times, Ms. Myles was an "employee" under the MFLA as she worked for Defendant for more than twelve months.

33.     Under the MFLA, Ms. Myles was authorized to use any accrued paid leave to provide care to her daughter.

34.     At the time of her termination, Ms. Myle had outstanding accrued paid leave that she was not allowed to use to take days off work to provide care for her daughter in violation of the MFLA.

35.     Defendant violated the MFLA by disciplining and terminating Ms. Myles for taking days off work to care for her daughter that were covered under the MFLA because she had accrued paid leave available on the dates that she missed work.

36.     Such conduct by Defendant was intentional and willful and was expressly predicated on Ms. Myles' absences to provide care to her daughter and her additional attempts to exercise her rights under the MFLA.

37.     As a direct result of Defendant's improper and illegal conduct, Ms. Myles has suffered substantial financial damages and emotional distress.

WHEREFORE, Plaintiff demands judgment in an amount greater than two-hundred thousand dollars ($200,000.00) against Defendant in compensatory damages, including back pay, front pay, liquidated damages, attorneys' fees, interest, costs, and any and all other relief deemed appropriate by this Court, including but not limited to injunctive relief requiring Defendant to reinstate Ms. Myles.

Dated: November 3, 2020                         Respectfully submitted,


                                   _____/s/_____
                                   Andrew M. Dansicker (Bar # 11765)
                                   D. H. Andreas Lundstedt (Bar # 28620)
                                   Law Office of Andrew M. Dansicker, LLC
                                   Executive Plaza II, Suite 705
                                   11350 McCormick Road
                                   Hunt Valley, Maryland 21031

                                   adansicker@dansickerlaw.com
                                   andreas.lundstedt@gmail.com

                                   *Counsel for Plaintiff Charlene Myles*

## **PRAYER FOR JURY TRIAL**

Plaintiff Charlene Myles hereby requests a jury trial.

_____/s/_____
Andrew M. Dansicker